## APPEAL OF GREEN OIL SOAP CO.

Docket No. 3574.   Submitted August 15, 1925.   Decided January 28, 1926.

1. Regular compensation specifically for prior years, formally authorized, paid in 1919, may not be deducted under section 234 (a) (1) of the Revenue Act of 1918 as an ordinary and necessary expense for 1919.

2. Loss on account of abandonment and sale of equipment determined.

*E. B. Wilkinson, Esq.*, for the taxpayer.
*Blount Ralls, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits tax for the calendar years 1919 and 1920, in the amounts of $2,783.64 and $170.37, respectively, arising from the action of the Commissioner in denying a deduction for 1919 of $7,825, representing salary for prior years, in denying a deduction totaling $1,193.46 for 1919, on account of losses alleged to have been sustained through abandonment or sale of equipment, in denying a deduction of $196.64 for 1920, on account of equipment discarded or sold, and in computing taxpayer's income upon the accrual basis.

FINDINGS OF FACT.

Taxpayer is an Illinois corporation, engaged in the manufacture and sale of soap, with principal office at Chicago. It was organized in May, 1904, under the name of Monohan Antiseptic Co., which was changed in 1920 to Green Oil Soap Co. At the date of organization the principal stockholders, who were, at that time, also the directors and officers, were W. J. Monohan, president; W. M. Kelso, vice president and treasurer; and George W. Hicks, secretary and factory manager. In determining, at that time, the amount of com-

pensation to be paid to themselves, the directors, without formal resolution, agreed that they should each be entitled to the same compensation. Due to the financial condition of the company, Hicks, being in such a financial position that it was unnecessary for him to draw his entire salary, agreed with the other directors that he would forego doing so until such time as the company was in a position to pay it. Thereupon, the directors agreed that Kelso and Monohan should be paid full compensation, and that Hicks should draw a lesser amount for the time being, the difference between the amount drawn in each year subsequent to 1904 and the amount paid to Monohan and Kelso to be paid to him at a later date. No formal resolution of this agreement was adopted at the time. On June 19, 1919, however, the following resolution was adopted:

The board of directors recognizing the valuable services rendered by George W. Hicks as secretary and factory manager and purchaser for the past fourteen years, hereby grant to him the same compensation as the president and treasurer received during the past fourteen years. The sum of this amount shall be the difference between the amount withdrawn by Mr. Hicks and that withdrawn by the president, Mr. Monohan, or that of the treasurer, W. M. Kelso. In lieu of cash being paid to Mr. Hicks, by mutual consent the board hereby authorizes the officers to issue to George W. Hicks the balance of the unsold treasury stock, being 313 shares of the common stock of the company, in full settlement of the compensation rightfully due him for services rendered.

With the exception of the reference to the payment of the salary in treasury stock in lieu of cash, the above resolution embodied the agreement entered into by the directors in 1904. The difference between the salaries paid Monohan and Kelso and that drawn by Hicks during the 14 years from 1904 to 1918, inclusive, was approximately $10,000. In full settlement thereof, Hicks received on June 19, 1919, 313 shares of treasury stock of the taxpayer of the par value of $7,825. No entry was made upon the books in any year prior to 1919 of the amount to which Hicks was entitled on account of salary.

During the years 1919 and 1920, such records as were maintained by the taxpayer were upon the accrual basis. These records consisted of a cash book showing cash received and disbursed and the source from which received and the purpose for which disbursed, and a loose-leaf invoice book containing the invoices of purchases and sales. In addition, there were a daily memorandum of accounts payable and accounts receivable, and, at the end of each year, an inventory of merchandise on hand on the basis of cost, or cost or market, whichever was the lower. The returns for the years 1919 and 1920 were rendered upon the accrual basis.

During the latter part of 1914 taxpayer equipped a drying room, at a cost of $1,500, which, in 1919, had become obsolete owing to

the adoption of an improved method of drying. The depreciated cost of the drying room in 1919, at which time it was torn out and discarded, was $984.15. In 1914, it purchased an electric motor at a cost of $110, which had a depreciated cost in 1919 of $72.17. This was turned in at a value of $40 as part payment for a new motor. During 1914, certain soap-drying frames were constructed at a cost of $120. These frames were discarded in 1919, at which time they had a depreciated cost of $78.73. A steel tank was installed in 1914 at a cost of $150, and discarded in 1919, at which time it had a depreciated cost of $78.41. In 1914, five open tanks were acquired at a cost of $200. These tanks had a depreciated cost in 1920 of $118.10 and were sold in that year for $25. During the year 1914, two typewriters were purchased at a total cost of $205. In 1920, one of these typewriters was discarded and the other turned in as part payment on a new machine at a credit of $17.50. The depreciated cost of the two machines in 1920 was $121.04.

The Commissioner reduced the taxpayer's invested capital for 1919 in the amount of $143.90, on account of a tax of $340.50 for 1918 prorated. He also reduced invested capital for 1920 in the amount of $1,245.48, on account of a tax of $2,955.58 paid in that year upon the income for the year 1919.

### DECISION.

The deficiencies should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be settled on 15 days' notice, under Rule 50.

### OPINION.

LITTLETON: Taxpayer contends that its records were kept upon the cash receipts and disbursements basis and that its income for the years involved should have been computed by the Commissioner upon that basis; also, that the item of $7,825, salary for prior years, paid on June 19, 1919, in treasury stock, was a proper deduction from gross income as an expense in that year; and that it is entitled to certain losses in each of the years on account of abandonment and sale of obsolete and worn-out equipment.

No evidence is furnished as to the basis upon which the books were kept for prior years. The president of the corporation testified that, prior to 1919, the corporation had a complete double entry set of books installed but that, due to difficulty with the bookkeeper, these books were not kept up. We have found, however, that such records as were kept during the years involved were upon the accrual basis, and the Commissioner's computation of the income upon that basis is therefore approved. The amount of $7,825 paid to Hicks,

pursuant to the agreement of the directors in 1904 and the formal resolution on June 19, 1919, was specifically for salary for prior years. Section 234 (a) (1) of the Revenue Act of 1918 provides that, in computing the net income of a corporation, there shall be allowed as deductions all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. In the opinion of the Board, this section permits of the deduction in any taxable year by a taxpayer on the accrual basis, of only the salary incurred, during such year in carrying on the trade or business. Consequently, a payment during the year 1919 of an amount specifically as salary for prior years, unrelated to the compensation for services for the year in which paid, is not within the allowable deductions in 1919. *Appeals of H. T. Cushman Manufacturing Co.*, 2 B. T. A. 39; *Melrose Granite Co.*, 2 B. T. A. 113; *Delaware Electric & Supply Co.*, 2 B. T. A. 403; *Columbia Textile Co.*, 2 B. T. A. 472; *Van De Kamps Holland Dutch Bakers*, 2 B. T. A. 1247. No part of the deduction claimed was incurred in 1919, and the Commissioner correctly disallowed the deduction as ordinary and necessary expense for that year.

Taxpayer should be allowed a deduction of a total of $1,193.46, as losses sustained during the year 1919, on account of the equipment discarded and sold, and a deduction for 1920 of a total of $196.64 as losses sustained on account of equipment discarded and sold in that year.